# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WAGONER COUNTY RURAL WATER DISTRICT NO. 8, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIV 04-354-JHP |
| TOWN OF HASKELL and HASKELL PUBLIC WORKS AUTHORITY, | ) ) ) | |
| Defendants. | ) | |

## ORDER and OPINION

Before the Court is Plaintiff Wagoner County Rural Water District No. 8's Motion to Vacate Dismissal "By Reason of Settlement" and Defendants Town of Haskell and Haskell Public Works Authority's Second Motion to Enforce the Settlement Agreement, and the attendant responses and/or replies to each, which, in the interests of accuracy and efficiency, the Court treats as cross motions. These matters came on for hearing before the Court on March 16, 2006. The parties also submitted written closing arguments thereafter. Upon consideration of these written and oral arguments, the Court makes the following findings:

## Background

The parties to this lawsuit attended a Court-ordered settlement conference before a United States Magistrate Judge on November 23, 2004. Representatives from each of the parties including their counsel were present at the conference. After extensive negotiations, the litigants entered into an agreement that was memorialized in writing and signed by all those present at the conference. The purpose of the agreement was to settle all claims in the lawsuit and allow this Court to dismiss the case with prejudice.

1

In reliance on the settlement between the parties, the Court entered an administrative closing order on December 1, 2004, requiring the parties to submit final closing papers prior to the Court's dismissal of the case with prejudice. Then, on January 27, 2005, Plaintiff moved this Court for an additional settlement conference, which was subsequently denied. During the pendency of that motion, Defendants filed their first motion to enforce the settlement agreement that was finalized on November 23, 2004, following the settlement conference. After reviewing the briefs and hearing oral arguments on June 16, 2005, the Court found that there was a valid written contract between the parties, and the Court granted Defendants' first Motion to Enforce the Settlement Agreement on September 1, 2005.

The Settlement Agreement provided at paragraph 18 that it would not become binding until approved by all parties, the Secretary of Agricultural/Rural Development, and Wagoner-8's lenders. On October 18, 2005, Plaintiff Wagoner-8 moved this Court to vacate the Order of dismissal on grounds that no settlement was in fact completed or enforceable because its lenders withheld approval. In opposition, Defendants state that Plaintiff failed to engage in a good faith effort to obtain lender approval. The parties also dispute whether a more formal settlement document is needed.

**Discussion**

**The settlement agreement is enforceable "as is."** In its Order of September 1, 2005, the Court already rejected the parties' misapprehension that a more formal settlement document is needed. Under Oklahoma Law, "an agreement to settle a claim constitutes a contract between the parties." Vela v. Hope Lumber & Supply Co., 966 P.2d 1196, 1198 (Okla. Civ. App. 1998). Therefore, the contract law of the State of Oklahoma applies to settlement agreements and the

agreements will not be set aside absent a finding of "fraud, duress, undue influence, or mistake," id. (citations omitted), which the Court does not here find. Instead, the Court finds that the parties' settlement agreement is clear, explicit, void of absurdity, and provides all of the essential elements of an agreement. Thus, the Court finds that the settlement agreement formed between these parties on November 23, 2004, as an unambiguous recitation of all the essential elements of the agreement between these parties, controls.

**Duty of Good Faith to Satisfy Condition Precedent.** The Court's finding that the existing contract is sufficient, however, does not preclude adjustment and/or explanation of the terms contained therein, as necessary to satisfy Plaintiff's lender. In other words, although the Court find the terms of the settlement to be enforceable "as is," a more formal presentation of the terms is certainly permissible if necessary to achieve the parties' goals.

In particular, the Court expects the parties to work together to address the lender's concerns. *See, e.g.*, Vanadium Corp. v. Fidelity & Dep. Co., 159 F.2d 105, 108 (2d Cir. 1947) (finding that, where cooperation is necessary to achieve performance of a condition precedent, **both** parties impliedly promise that such cooperation will be given). That said, the Court also notes that the greater burden is on the Plaintiff to obtain the lender's approval. *See* id. ("Indeed plaintiff may well have the heavier burden, for . . . it seems that the assignee must file the assignment for approval and apparently no one else can legally do so."); Bradford Dyeing Ass'n v. J. Stog Tech GmBH, 765 A.2d 1226, 1237 (R.I. 2001) ("It is both elementary as well as fundamental law that where parties contract and make performance conditional upon the happening of an occurrence of a particular matter, the contract imposes upon the party required to bring about the happening of that occurrence an implied promise to use good faith, diligence

3

and best efforts to bring about that happening.").

To date, the parties dispute whether Plaintiff has carried this burden. Plaintiff apparently applied for the lender's approval on September 15, 2005. Defendant objected to this application as being premature. The lender responded by letter dated September 26, 2005, requesting more information and identifying certain terms and conditions of the loan. Plaintiff interpreted the lender's letter as disapproval, and concluded that further efforts to obtain approval would be futile. In particular, Plaintiff cited disclosure issues relating to the "Under-served Provision" which were seemingly not resolved as part of the parties' settlement agreement. Defendant meanwhile maintained that Plaintiff must pursue additional efforts with its lenders, and suggested what those efforts might entail.

The Court agrees that Plaintiff must make further efforts to alleviate the lender's concerns and obtain its approval. Plaintiff is reminded that if it does not act in good faith, or if it somehow causes the failure of the condition, the Court cannot allow Plaintiff to take advantage of the failure. *See* Dengler v. The Hazel Blessinger Family Trust, 106 P.3d 449, 454 (Ida. 2005); *see also* Achord v. Smith, 451 So.2d 1315, 1317 (La. Ct. App. 1984) ("The penalty imposed on a buyer who does not make a good faith effort to obtain the financing necessary to fulfill a condition in a contractual obligation is that the condition which was not fulfilled because of the buyer's fault is deemed waived by the buyer, and the condition is considered as fulfilled."). **Both** parties are reminded of their implied promise to cooperate, and the ongoing need to do so.

## Conclusion

The parties are granted ninety (90) days from the date of this Order in which to obtain lender approval and put all other outstanding terms of the settlement agreement into effect. Accordingly, Defendant's Motion to Enforce the Settlement Agreement (docket number 56) is GRANTED and Plaintiff's Motion to Vacate (docket number 52) is DENIED. The parties shall file a report of their progress with the Court on June 5, 2006, and again at the close of the 90-day period.

IT IS SO ORDERED this 12th day of May 2006.

James H. Payne
United States District Judge
Eastern District of Oklahoma